*John F. McBurney,* for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for respondent.

HOWARD S. HOPKINS *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK *et al.*

JUNE 14, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a petition for a writ of certiorari brought under general laws 1938, chapter 342, §8, to review a decision of the zoning board of review of the city of Warwick granting an application for an exception under the zoning ordinance of that city. Pursuant to the writ the respondent board has certified to this court the records of the proceedings relative to such application.

The facts sufficiently appear in the decision of the board which reads as follows: "Whereas testimony discloses that the Church is located on the adjacent lot, and has existed for twenty-four (24) years, and that it is located in a growing community; and Whereas testimony shows that the additional space required for Sunday School education and other church purposes is necessary, so it follows that the granting of this petition is reasonably necessary for the general welfare of the surrounding community and will not depreciate the value of surrounding property; therefore, be it resolved that this petition be granted on those grounds subject to the stipulation that no major exterior alterations be made to the said dwelling, and that no additional parking facilities be constructed on said premises."

The parties agree that the exception was granted under the zoning ordinance, section XV, paragraph (A), subparagraph 3, concerning the board's organization and powers. The material part thereof reads as follows: "3. In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this Ordinance where the exception is reasonably necessary for the convenience and welfare of the public." The petitioners admit that if subpar. 3 is valid there is evidence to warrant the board's action, but they contend only that this subparagraph is invalid as an improper delegation of power by the city council to the board.

There is, however, nothing in the *petition* that attacks the validity of the ordinance. Such being the case, we do not consider that question. *Baggs* v. *Zoning Board of Review*, 79 R. I. 211. In that case we held at page 213: "The first contention is an indirect attack upon the validity of sec. 14 (4) of the ordinance on the ground that it was beyond the powers conferred upon the town council by the zoning law. G. L. 1938, chap. 342. The petitioners did not raise this question specifically in their petition but urged it for the first time in their brief and argument here. Under our practice in certiorari to review decisions of zoning boards of review, a question of the validity of the ordinance should be raised by appropriate allegation in the petition."

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Charles A. Curran, Anthony J. Bucci,* for petitioners.

*Israel Moses,* City Solicitor, *Edwards & Angell, Charles F. Sheridan, Jr.,* for respondents.